**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

---

**WIND TOWER TRADE COALITION,**

**Plaintiff,**

**v.**

**UNITED STATES,**

**Defendant.**

---

Before:  Hon. _____,

 Judge

Court No. 20-03692

## COMPLAINT

Plaintiff the Wind Tower Trade Coalition ("Plaintiff" or "Petitioner"), by and through its attorneys, alleges and states as follows:

### ADMINISTRATIVE DETERMINATION TO BE REVIEWED

1.  Plaintiff brings this Complaint to contest the final determination issued by the U.S. Department of Commerce ("Commerce") in the countervailing duty investigation on utility scale wind towers from Vietnam.  The final determination was issued on June 29, 2020 and published in the *Federal Register* on July 6, 2020.  *See Utility Scale Wind Towers from the Socialist Republic of Vietnam*, 85 Fed. Reg. 40,229 (Dep't Commerce July 6, 2020) (final affirm. countervailing duty deter. and negative deter. of critical circumstance) ("*Final Determination*") and accompanying Issues and Decision Memorandum ("Issues & Decision Memo"). Subsequently, the U.S. International Trade Commission ("ITC") issued an affirmative injury determination with respect to the subject goods, and Commerce published a countervailing duty order.  *See Utility Scale Wind Towers from Canada, Indonesia, and the Socialist Republic of Vietnam*, 85 Fed. Reg. 52,543 (Dep't Commerce Aug. 26, 2020) (amended final affirm. countervailing duty deter. and countervailing duty orders).

Ct. No. 20-03692

## JURISDICTION

2.     The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1581(c), as this action is commenced under sections 516A(a)(2)(A)(i)(II) and (B)(i) of the Tariff Act of 1930, as amended.  19 U.S.C. § 1516a(a)(2)(A)(i)(II) & (B)(i).

## STANDING

3.     Plaintiff is an association of domestic utility scale wind tower producers and therefore is an interested party within the meaning of 19 U.S.C. § 1677(9)(E).  Plaintiff was the petitioner in Commerce's underlying countervailing duty investigation.  Accordingly, Plaintiff has standing to commence this action pursuant to 28 U.S.C. § 2631(c) and 19 U.S.C. § 1516a(d).

## TIMELINESS OF ACTION

4.     Plaintiff commenced this action by filing a Summons on September 25, 2020, within the 30-day period that began to run the day after the date of the publication of the antidumping order in the *Federal Register*. *See* 19 U.S.C. § 1516a(a)(2)(A)(i)(II) & (B)(i). Plaintiff is filing this Complaint within 30 days after filing the Summons.  The Summons and Complaint therefore are timely filed pursuant to 19 U.S.C. § 1516a(a)(2)(A)(i)(II) and Rules 3(a)(2) and 6(a) of this Court.

## HISTORY OF THE ADMINISTRATIVE PROCEEDING

5.     On July 9, 2019, Plaintiff filed a petition with Commerce and the ITC alleging that the wind tower industry in the United States was materially injured or threatened with material injury by reason of wind tower imports from four countries, including subsidized imports of wind towers from Vietnam.

6.     CS Wind Vietnam Co., Ltd. ("CS Wind") reported that it received tax benefits under the Income Tax Preferences Under Chapter V of Decree 24, which decreased in taxes owed to the Government of Vietnam because CS Wind invested in qualifying products in qualifying

Ct. No. 20-03692

geographic regions. Letter from Grunfeld, Desiderio, Lebowitz, Silverman & Klestadt LLP to Sec'y of Commerce, re: *CS Wind Initial Questionnaire Response: Countervailing Duty Investigation of Utility Scale Wind Towers from Vietnam (C-522-826)* (Oct. 9, 2019) at 13.

7.     CS Wind also reported its POI steel plate purchases. *Id.* at Exhibit C-4.3. Following a request from Commerce for additional information on its plate purchases, CS Wind again identified the same steel plate suppliers *See* Letter from Grunfeld, Desiderio, Lebowitz, Silverman & Klestadt LLP to Sec'y of Commerce, re: *CS Wind First Supplemental Questionnaire Response – Remaining Questions: Countervailing Duty Investigation of Utility Scale Wind Towers from Vietnam (C-552-826)* (Nov. 8, 2019) at Exhibit SQ2-6a.

8.     On December 13, 2019, Commerce published its preliminary determination in the antidumping investigation. *See Utility Scale Wind Towers from the Socialist Republic of Vietnam*, 84 Fed. Reg. 68,104 (Dep't Commerce Dec. 13, 2019) (prelim. affirm. deter. and alignment of final deter. with final antidumping duty deter.) and accompanying Preliminary Decision Memorandum ("Prelim. Decision Memo.").

9.     In the preliminary determination, the Department did not grant an entered value adjustment but based the subsidy calculation denominator on CS Wind Korea's sales of CS Wind's merchandise. *See* Prelim. Decision Memo. at 13. Commerce found this was an appropriate methodology "given the circumstances of the unique relationship between the parent and respondent." Memorandum from Davina Friedmann, Senior Case Analyst, AD/CVD Operations, Off. VI, Paul Walker, Senior Case Analyst, AD/CVD Operations, Off. VI, and Julie Geiger, Case Analyst, AD/CVD Operations, Off. VI to Erin Kearney, Program Manager, AD/CVD Operations, Off. VI, re: *Preliminary Determination of Countervailing Duty Investigation of Utility Scale Wind Towers from Vietnam: Calculation Memorandum for CS Wind Tower Co., Ltd.* (Dec. 6, 2019) at 3. Based on this methodology, Commerce calculated a

3

Ct. No. 20-03692

preliminary subsidy rate of 2.43% for CS Wind Vietnam and all other Vietnamese wind tower producers/exporters based on three subsidy programs: (1) Income Tax Preferences Under Chapter V of Decree 24, (2) Import Duty Exemptions on Imports of Spare Parts and Accessories in Industrial Zones, and (3) Import Duty Exemptions on Imports of Raw Materials for Exporting Goods. *See id.* at Attachment 1.

10.     Commerce conducted verification of CS Wind's and the GOV's responses. At verification, CS Wind reported that it tracks the source of major inputs and reiterated that it purchased plate from the suppliers it originally identified. Letter from Grunfeld, Desiderio, Lebowitz, Silverman, and Klestadt LLP to Sec'y of Commerce, re: *CS Wind Verification Exhibits in the Countervailing Duty Investigation of Utility Scale Wind Towers from Vietnam (C-552-826)* (Mar. 4, 2020) at Attachment 1, Exhibit VE-5.

11.     On July 6, 2020, Commerce published its final determination in the countervailing duty investigation and calculated a subsidy rate of 2.84%. *See Final Determination*, 85 Fed. Reg. at 52,545.

12.     In its case brief, Petitioner argued that Commerce should rely on CS Wind's sales revenue as the denominator in the benefit calculation. *See* Letter from Wiley Rein LLP to Sec'y of Commerce, re: *Utility Scale Wind Towers from the Socialist Republic of Vietnam: Case Brief* (Apr. 3, 2020) at 1. While Commerce claimed to deny an entered value adjustment, Petitioner argued that Commerce effectively granted an entered value adjustment by using CS Wind Korea's sales revenue. *Id.* This decision was incongruent with the Department's regulations that require Commerce to attribute a subsidy to the products produced by the corporation that received the subsidy. *Id.* at 36. Specifically, for the benefit calculation for the Income Tax Preferences under Chapter V of Decree 24 program, the benefit flows directly to CS Wind Vietnam in the form of a reduction in its income tax payable. *Id.* at 36-37. Based on CS Wind Vietnam's financial

Ct. No. 20-03692

statements, Petitioner argued that CS Wind Vietnam is the beneficiary of this tax credit, not CS Wind Korea. *Id.*

13.     Additionally, Petitioner argued that CS Wind prevented Commerce from accurately calculating the benefit received under import duty exemption program by providing contradictory and incomplete information. *Id.* at 14-21. Specifically, Petitioner noted that CS Wind continually failed to identify the country of origin for its plate or provide an accurate list of suppliers, which frustrated Commerce's ability to determine whether CS Wind Vietnam was exempted from payment of certain import duties. *Id.*

14.     In its final affirmative determination, Commerce continued to deny CS Wind an entered value adjustment but continued to rely on CS Wind Korea's sales revenues in the denominator of its benefit calculation. *See* Issues & Decision Memo. at 29; *see also* Memorandum from Davina Friedmann, Senior Case Analyst, AD/CVD Operations, Off. VI to Erin Kearney, Program Manager, AD/CVD Operations, Off. VI, re: *Final Determination of Countervailing Duty Investigation of Utility Scale Wind Towers from Vietnam: Calculation Memorandum for CS Wind Vietnam Co., Ltd.* (June 29, 2020). Commerce reasoned that CS Wind Korea's POI sales of CS Wind's subject merchandise provided a more appropriate basis because CS Wind's revenue was for tolling services, rather than "goods." *See* Issues & Decision Memo. at 29. Commerce also determined that the record did not lack relevant and accurate documentation regarding CS Wind's country of origin for certain raw materials. *Id.* at 17. Accordingly, Commerce found that it was not appropriate to apply adverse facts available to CS Wind's raw material inputs. *Id.*

## CLAIMS AND BASES FOR RELIEF

### Count I

15.     Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 14.

Ct. No. 20-03692

16.     Commerce's decision to rely on CS Wind Korea's sales revenue for sales of subject merchandise produced by CS Wind as the denominator in its subsidy calculations, rather than CS Wind's own sales revenue, was unsupported by substantial evidence and not in accordance with law.

### Count II

17.     Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 16.

18.     Commerce's decision to rely on CS Wind's deficient and contradictory reporting on the country of origin and suppliers for its steel plate inputs when calculating a subsidy rate for the Import Duty Exemptions on Raw Materials for Exporting Goods Program was unsupported by substantial evidence and not in accordance with law.

### REQUEST FOR JUDGMENT AND RELIEF

For the reasons stated in this Complaint, Plaintiff respectfully requests that the Court:

1)     Hold that aspects of Commerce's final determination in the countervailing duty investigation of *Utility Scale Wind Towers from the Socialist Republic of Vietnam* are not supported by substantial record evidence and otherwise not in accordance with law; and

2)     Remand the final determination to Commerce for disposition consistent with the Court's final opinion; and

3)     Grant such other relief as the Court may deem just and proper.

Ct. No. 20-03692

Respectfully submitted,

/s/ Alan H. Price
Alan H. Price, Esq.
Daniel B. Pickard, Esq.
Robert E. DeFrancesco, III, Esq.
Laura El-Sabaawi, Esq.
John Allen Riggins, Esq.

**WILEY REIN LLP**
1776 K Street, NW
Washington, DC 20006
(202) 719-7000

*Counsel for the Wind Tower Trade Coalition*

Dated:  October 23, 2020

## <u>CERTIFICATE OF SERVICE</u>

PUBLIC SERVICE

*Wind Tower Trade Coalition v. United States*
**Court No. 20-03692**

I certify that a copy of this public submission was served on the following parties, via certified mail and electronic service, on October 23, 2020.

*/s/ John Allen Riggins*

Andrew T. Schutz, Esq.
**Gunfeld Desiderio Lebowitz Silverman Klestadt, LLP**
1201 New York Ave., NW
Suite 650
Washington, DC 20005

Bui Huy Son
**Embassy of Vietnam – Trade Office**
1730 M St., NW
Suite 501
Washington, DC 20036

General Counsel
**U.S. Department of Commerce**
14th Street and Constitution Ave., NW
Washington, DC 20230

William H. Barringer, Esq.
**Morris, Manning & Martin, LLP**
1401 I St., NW
Suite 600
Washington, DC 20005

Attorney in Charge
International Trade Field Office
**Department of Justice, Civil Division**
Room 346, Third Floor
26 Federal Plaza
New York, NY 10278

Supervising Attorney
Civil Division – Commercial Litigation Branch
**U.S. Department of Justice**
P.O. Box 480
Ben Franklin Station
Washington, DC 20044